Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kimberly Scott; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Equifax Information Services LLC; Trans Union LLC; HSBC Bank Nevada, N.A., d.b.a. Household Credit Services; Capital One Bank (USA), N.A.; Merrick Bank Corporation, d.b.a. Merrick Bank; and National Credit Systems, Inc.; | (Jury Trial Demanded) |
| Defendants. | |

**I.  Preliminary Statement**

1.     Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.  Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

**II.  JURISDICTION**

2.  Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**III.  PARTIES**

3.  Plaintiff resides in Maricopa County, Arizona.

4.  Plaintiff is a "consumer" as defined by FCRA § 1681a(c).

5.  Defendant Equifax Information Services LLC is a Geogia limited liability company conducting business within the state of Arizona.

6.  Equifax is a "person" as that term is defined by FCRA § 1681a(b).

7.  Equifax is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).

8.  Defendant Trans Union LLC is a Delaware limited liability company conducting business within the state of Arizona.

9.  Trans Union is a "person" as that term is defined by FCRA § 1681a(b).

10.  Trans Union is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).

11.  Defendant HSBC Nevada, National Association, doing business as Household Credit Services, is a federally charted bank, conducting business within the state or Arizona ("HSBC").

12.  HSBC is a "person" as that term is defined by FCRA § 1681a(b).

13.  HSBC is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer

reporting agency about consumer transactions or experiences with any consumer.

14. Defendant Capital One Bank (USA), National Association, is a federally charted bank, conducting business within the state or Arizona ("Capital One").

15. Capital One is a "person" as that term is defined by FCRA § 1681a(b).

16. Capital One is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

17. Defendant Merrick Bank Corporation, doing business as Merrick Bank, is a state chartered bank located in the State of Utah, and doing business within the State of Arizona. ("Merrick").

18. Merrick is a "person" as that term is defined by FCRA § 1681a(b).

19. Merrick is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

20. Defendant National Credit Systems, Inc. is a collection agency licensed by the Arizona Department of Financial Institutions and does business within the state of Arizona ("NCS").

21. NCS is a "person" as that term is defined by FCRA § 1681a(b).

22. NCS is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with

1    any consumer.

2    **IV.  Factual Allegations**

3    23.    Plaintiff, with her husband, Randolph Scott, filed Chapter 13
4            bankruptcy on October 4, 2004.

5    24.    On July 22, 2009, Plaintiff converted the Chapter 13 case to a
6            Chapter 7 case.

7    25.    Upon conversion, Plaintiff listed several additional creditors whose
8            debts were incurred prior to converting to Chapter 7.

9    26.    Included in the list of new creditors were HSBC, Merrick Bank, and
10           NCS. Capital One was previously listed as a creditor and notified of
11           the bankruptcy.

12   27.    The bankruptcy court issued its order discharging these debts on
13           November 2, 2009, giving notice  of the discharge to all of Plaintiff's
14           creditors.

15   28.    Over two years later, in April 2012, Plaintiff tried to get pre-qualified
16           for a home mortgage, but was denied.

17   29.    At that time, Plaintiff learned that there were several accounts
18           showing on her credit reports with post bankruptcy derogatory
19           information.

20   30.    Upon review of her Equifax credit report, Plaintiff identified
21           numerous accounts which were being inaccurately reported.

22   31.    On April 24, 2012, Plaintiff sent a letter to Equifax disputing these
23           accounts, including HSBC (2 accounts), Merrick Bank, and NCS, as
24           each of these accounts had been included and discharged through
25           Plaintiff's Chapter 7 bankruptcy.

32. Upon receipt of Plaintiff's dispute letter, Equifax contacted each of the listed creditors concerning Plaintiff's disputes, including HSBC, Merrick Bank, and NCS.

33. Upon information and belief, each of the creditors responded back to Equifax verifying that the information they were reporting was accurate.

34. On May 18, 2012, Equifax responded to Plaintiff's disputes with a list of the results of its reinvestigation.

35. In its response, Equifax notified Plaintiff that HSBC had verified that HSBC account number 512025500781**** was being reported correctly with the current status of "Charge Off," and a balance owing of $497.

36. In its response, Equifax notified Plaintiff that had verified that HSBC account number 545800152318**** was being reported correctly with the current status of "Charge Off" in May 2012, and with a balance owing of $0.

37. The results also show that Capital One was now listed as the company in which to address any additional questions above the verification of this account.

38. Upon information and belief, HSBC sold or transferred HSBC account number 545800152318**** to Capital One.

39. In its response, Equifax notified Plaintiff that Merrick Bank had updated its reporting of the account to Equifax to show that it was included in bankruptcy.

40. Other disputes were sent to Equifax on behalf of Plaintiff disputing

the accuracy of these accounts, including HSBC, Capital One, Merrick Bank, and NCS.

41.   On June 14, 2012, Plaintiff obtained a copy of her Equifax credit report.

42.   The June 14, 2012 report showed that Equifax was continuing to report the HSBC account, account number 512025500781****, as a "Charge Off," with a balance owed of $497.

43.   The June 14, 2012 report reflected that Equifax was continuing to report HSBC account number 545800152318**** as a "Charge Off."

44.   The June 14, 2012 report reflected that Equifax was now reporting the Merrick Bank account as a "Charge Off," with a balance owing of $1,062.

45.   Upon review of her Trans Union credit report, Plaintiff identified numerous accounts which were being inaccurately reported.

46.   On April 24, 2012, Plaintiff sent a letter to Trans Union disputing several of these accounts, including HSBC (2 accounts), Merrick Bank, and NCS, as each of these accounts had been included and discharged through Plaintiff's Chapter 7 bankruptcy.

47.   Upon receipt of Plaintiff's dispute letter, Trans Union contacted each of the listed creditors concerning Plaintiff's disputes, including HSBC (2 accounts), Merrick Bank, and NCS (2 accounts).

48.   Upon information and belief, each of the creditors responded back to Trans Union verifying that the information they were reporting was accurate.

49.   On May 24, 2012, Trans Union responded to Plaintiff's disputes with

a list of the results of its reinvestigation.

50.    In its response, Trans Union notified Plaintiff that HSBC account number 512025500781**** had been updated with new information.

51.    A review of the results shows that HSBC account number 512025500781**** had been updated to show that it was included in Chapter 7 Bankruptcy.

52.    In its response, Trans Union notified Plaintiff that HSBC account number 545800152318**** had been updated with new information.

53.    A review of the results shows that HSBC account number 545800152318**** had been updated to show a zero balance, but was still showing a status of "Charge Off."

54.    In its response, Trans Union notified Plaintiff that Merrick Bank had updated the status of its account to show included in Chapter 7 Bankruptcy and with a zero balance.

55.    On June 14, 2012, Plaintiff obtained a copy of her Trans Union credit report.

56.    The June 14, 2012 report reflected that Trans Union was continuing to report the HSBC account number 512025500781**** as a "Charge Off," with a balance owed of $497.

57.    The June 14, 2012 report also reflected that Trans Union was continuing to report the HSBC account number 545800152318****, as a "Collection Account."

58.    The June 14, 2012 report reflected that Trans Union was now

1    reporting the Merrick Bank account as a "Charge Off," with a
2    balance owing of $1,062.

3    59.    Defendants have continued to report inaccurate, derogatory and
4          improper information, and have failed to retract, delete, and / or
5          suppress inaccurate, derogatory and improper information about
6          the Plaintiff, as described more fully herein.

7    60.    As a result and proximate cause of Defendants' actions, Plaintiff has
8          suffered actual damages, including, but not limited to, loss of credit
9          opportunities, denial of credit, embarrassment, humiliation, and
10         emotional distress.

11                           **V.  Causes of Action**

12                         **a.  Fair Credit Reporting Act**

13   61.    Plaintiff repeats, re-alleges, and incorporates by reference the
14         foregoing paragraphs.

15   62.    Equifax has failed to adopt and follow reasonable procedures to
16         assure the maximum possible accuracy of Plaintiff's consumer credit
17         and other personal information, as required by the FCRA, which it
18         compiled, used and manipulated, in order to prepare consumer
19         credit reports, credit scores, risk factors/denial codes and other
20         economic and prediction data evaluation.

21   63.    Equifax has continually added, stored, maintained and disseminated
22         personal and credit information, in consumer reports it prepared
23         and issued, about Plaintiff which was inaccurate, false, erroneous
24         and misleading despite notice from Plaintiff that such information
25         was inaccurate.

64. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

65. Equifax has failed to conduct reasonable investigations of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

66. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681i.

67. Trans Union has failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which it compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluation.

68. Trans Union has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

69. Trans Union has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.

70. Trans Union has failed to conduct reasonable investigations of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

71. Trans Union has willfully, or alternatively, negligently, violated FCRA § 1681i.

72. HSBC has failed to conduct a reasonable investigation of Plaintiff's

multiple disputes received from Equifax and Trans Union concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).

73. As a result of HSBC's actions, Plaintiff has been damaged.

74. Capital One has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).

75. As a result of Capital One's actions, Plaintiff has been damaged.

76. Merrick has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax and Trans Union concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).

77. As a result of Merrick's actions, Plaintiff has been damaged.

78. NCS has failed to conduct a reasonable investigation of Plaintiff's multiple disputes received from Equifax concerning its reporting the underlying account, and has otherwise failed to comport with FCRA § 1681s-2(b).

79. As a result of NCS's actions, Plaintiff has been damaged.

80. As a direct result and proximate cause of Defendants' continued reporting of erroneous and adverse information on Plaintiff's credit report, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, and / or loss of opportunity.

81. As a result of Defendants' negligent failure to comply with the FCRA,

Defendants are each liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure, and (2) the costs of this action together with reasonable attorneys' fees.

82. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure, or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Actual damages under the FCRA, or in the alternative, statutory damages of $1,000 per violation pursuant to FCRA § 1681n;

b)   Punitive damages pursuant to FCRA § 1681n;

c)   Costs and reasonable attorney's fees pursuant to FCRA §§ 1681n and/or *o*; and

d)   Such other relief as may be just and proper.

/ / /

/ / /

- 11 -

1

2          DATED ____June 22, 2012____.

3

4                                    ____s/ Floyd W. Bybee____
                                     Floyd W. Bybee, #012651
5                                    **BYBEE LAW CENTER, PLC**
                                     90 S. Kyrene Rd., Ste. 5
6                                    Chandler, AZ 85226-4687
                                     Office: (480) 756-8822
7                                    Fax: (480) 302-4186
                                     floyd@bybeelaw.com
8
                                     Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 12 -